UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOHA SHEHABELDIN,

                Plaintiff,

-against-

UNITED STATES POSTAL INSPECTION
SERVICE, and LEWIS BROOKS,
Administrator,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM**
**AND ORDER**
11-CV-5215 (CBA)

**AMON, Chief United States District Judge:**

On October 24, 2011, plaintiff Noha Shehabeldin, appearing <u>pro se</u>, commenced this action pursuant to 42 U.S.C. § 2000e-3 against the United States Postal Inspection Service ("USPIS") and USPIS administrator Lewis Brooks, based on the revocation of Shehabeldin's security clearance for her job as a mail courier at JFK airport. Shehabeldin seeks $50,000 in damages. Shehabeldin's request to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this order. For the reasons set forth below, the complaint is dismissed in full.

### Standard of Review

Pursuant to the <u>in forma pauperis</u> statute, a district court must dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In reviewing plaintiff's complaint, the Court is mindful that, "a <u>pro se</u> complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); <u>see</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008).

However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## Background

Shehabeldin alleges that she was formerly employed as a driver by Ground Service International Inc. ("GSI"), where she transported mail between airplanes and the JFK post office. (Compl. at 3.) When it came time to renew her JFK security credentials, she received a letter from USPIS administrator Lewis Brooks stating that her security clearance had been denied due to "a pending disposition for a misdemeanor 3rd degree assault charge in New York which occurred on May 31, 2009." (Compl., Exhibit C.) In the letter, Shehabeldin was also notified on how to appeal the decision. Id. Shehabeldin claims that she was only convicted of a violation, not a misdemeanor, and that she had already received her final disposition in state court. She alleges that the USPIS, however, ignored her attempts to correct the misinformation contained in Brooks' letter. (Compl. at 3.) Shehabeldin's Certificate of Disposition, annexed to the Complaint, indicates that she was convicted of New York Penal Law § 240.26, which is "Harassment in the second degree" (a violation under New York law), and that she was sentenced to one year of conditional discharge, five days of community service, and a one-year order of protection on September 30, 2010. (Compl., Ex. B.) Shehabeldin alleges that as a result of the revocation of her security clearance, she lost her job at GSI. (Compl. at 3.)

**Discussion**

Shehabeldin brings this action pursuant to the anti-retaliation provision of the Civil Rights Act of 1964. This section provides that

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

Even under the most liberal pleading standards, however, the complaint does not state a claim for retaliation. Section 2000e-3 protects employees who have participated in a Title VII proceeding, such as by filing a charge or complaint of discrimination against their employer, and whose employer retaliated against them for doing so. "That is, an employee must show (1) participation in a protected [Title VII] activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 173 (2d Cir. 2005) (internal quotation marks omitted). Here, Shehabeldin has never been employed by USPIS, and she does not allege that she ever filed a charge of discrimination or participated in any way in a Title VII proceeding. She also does not appear to have filed a complaint with the EEOC, which is a statutory prerequisite to maintaining any Title VII action in

3

district court. McPherson v. New York City Dept. of Educ., 457 F.3d 211, 213 (2d Cir.2006). Thus, Shehabeldin's retaliation claim may not lie.[1]

Rather, Shehabeldin's complaint appears to consist primarily of a challenge to USPIS's decision to revoke her security clearance. It is well-settled, however, that federal courts lack jurisdiction over the merits of security clearance decisions, which are committed by law to the Executive branch. See Department of the Navy v. Egan, 484 U.S. 518, 528-29 (1969); Criales v. American Airlines, 1999 WL 1487601, at *9 (E.D.N.Y. 1999) ("Egan has consistently been held to stand for the proposition that federal courts lack jurisdiction over challenges to the merits of security clearance denials."); Williams v. Reilly, 743 F. Supp. 168, 171 (S.D.N.Y. 1990) ("[T]he Court has no subject matter jurisdiction to review [the Defense Department agency's] decision to investigate or revoke Williams' security clearance."); Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 196 (9th Cir. 1995) (holding that Egan and circuit precedent "preclude judicial review of security clearance decisions made by the Executive or his delegee" even "in the context of a Title VII discrimination action"). Thus, Shehabeldin is unable to state a claim on these grounds.

---

[1] In addition, there is no individual liability under Title VII, so Shehabeldin cannot state a Title VII claim against defendant Brooks. Wrighten v. Glowski, 232 F.3d 119, 120 (2d Cir. 2000).

## Conclusion

Accordingly, the complaint, filed in forma pauperis, is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/Signed by Chief Judge Carol B. Amon/

Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
         November 23, 2011

5